**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO ADOLFO HIDALGO, AKA Felipe Morres, | No. 11-73122 |
| Petitioner, | Agency No. A077-344-047 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 5, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, and TROTT and CALLAHAN, Circuit Judges.

Gustavo Hidalgo petitions for review of the Board of Immigration Appeals'

order denying him suspension of deportation under § 244(a)(2) of the INA, 8

U.S.C. § 1254(a)(2) (repealed 1997). We deny Hidalgo's petition because we

agree with the Board that the Illegal Immigration Reform and Immigrant

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Responsibility Act's ("IIRIRA") repeal of § 244(a)(2) is not impermissibly retroactive in his case.

The "essential inquiry" is "whether the new provision attaches new legal consequences to events completed before its enactment." Vartelas v. Holder, 132 S. Ct. 1479, 1491 (2012) (internal quotation marks omitted). While it is true that Hidalgo was powerless to alter his 1989 guilty plea, he still cannot show that IIRIRA's repeal of § 244(a)(2) "ranks as a 'new disability.'" Id. at 1487. IIRIRA did not "alter the character of [Hidalgo's] conviction or deny him any existing eligibility for discretionary relief." Valencia-Alvarez v. Gonzales, 469 F.3d 1319, 1330 (9th Cir. 2006). Hidalgo was not statutorily eligible for relief under § 244(a)(2) at the time IIRIRA's took effect, because he had not accrued the requisite ten years of continuous presence in the United States following his guilty plea. Thus, IIRIRA did not "attach[] new legal consequences" to his conviction. Vartelas, 132 S. Ct. at 1491.

**Petition Denied.**